UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANTAS REYES AVILA GARCIA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>KRISTI NOEM et al.,<br><br>　　　　　Defendants. | CASE NO. 3:25-cv-06008-DGE<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 15) |

After denial of Plaintiff's first motion for a temporary restraining order ("TRO") (Dkt. No. 13), Plaintiff filed an amended complaint (Dkt. No. 14) and a second motion for TRO (Dkt. No. 15). For the reasons stated herein, Plaintiff's second motion for a TRO is DENIED.

**I       BACKGROUND**

On November 11, 2025, Plaintiff filed a complaint asserting a claim for Mandamus and a claim for violation of the Administrative Procedure Act ("APA"), alleging that Defendants have unreasonably delayed the adjudication of Plaintiff's T visa application. (Dkt. No. 1.) Plaintiff filed a simultaneous motion for a TRO seeking to enjoin her removal throughout the pendency of

the proceedings. (Dkt. No. 2.) On November 20, 2025, the Court denied Plaintiff's first motion for a TRO. (Dkt. No. 13.) The Court concluded that, although it has jurisdiction to hear Plaintiff's claims, "Plaintiff's request to stay removal until the issuance of a bona fide decision of her T visa application is beyond the scope of the relief requested in Plaintiff's complaint." (*Id*. at 9.) This was because the "scope of Plaintiff's claims concerns the reasonableness of the delay in issuing a decision, which is a limited inquiry that does not involve the determination of whether Plaintiff's T visa application should be granted or denied or whether it is a bona fide application." (*Id*. at 7) (citing *Raghav v. Jaddou*, No. 2:25-cv-00408-DJC-JDP, 2025 WL 373638, at *1 (E.D. Cal. Feb. 3, 2025). The Court also held Plaintiff did not make a sufficient showing on the merits. (*Id*. at 9.)

On November 20, 2025, Plaintiff filed an amended complaint. (Dkt. No. 14.) The amended complaint includes the two claims from the original complaint and now asserts two additional claims under APA: "withholding appropriate consideration of whether Plaintiff established a prima facie case for approval of her T-visa application before deciding whether to grant or deny a stay" (*id.* at 12), and "refusal to make a prima facie determination of Plaintiff's T-visa before denying her stay of removal . . . because denying a stay of removal to a T visa petitioner without first determining whether they are prima facie eligible for relief violated 8 U.S.C. § 1227(d)" (*id*. at 14). Plaintiff also filed a second motion for a TRO based on this amended complaint. (Dkt. No. 15.)

## II    DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 65(b) governs the issuance of a TRO. "The legal standard for a TRO is substantially identical to the standard for a preliminary injunction."

*Facebook, Inc. v. BrandTotal Ltd.*, 499 F. Supp. 3d 720, 732 (N.D. Cal. 2020). To obtain injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). The third and fourth "factors merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The Ninth Circuit has also articulated an alternative "sliding scale" approach pursuant to which the first and third *Winter* factors are analyzed on a continuum; under such standard, a weaker showing on the merits, combined with a stronger demonstration on the balancing test, might warrant preliminary injunctive relief, assuming the second and fourth *Winter* elements are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–1135 (9th Cir. 2011). Under this "sliding scale" method, the movant need only raise "serious questions going to the merits," but the balance of hardships must tip "sharply" in the movant's favor. *Id.* at 1131–1132; *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012).

**B. Analysis**

1. Denial based on claims originally asserted

To the extent the motion for TRO is based on the two claims asserted in the original complaint, and which are now included as the first two claims of the amended complaint, the motion is denied for the same reasons explained in the order denying Plaintiff's first motion for TRO.  (*See* Dkt. No. 13.)

         2.   Plaintiff's new claims

The Court has jurisdiction to hear the two additional APA claims to the extent they argue that the bona fide determination should have been made prior to ICE deciding on Plaintiff's request to stay removal. As with the two original claims, the Court concludes 8 U.S.C. § 1252(g) does not bar jurisdiction because the claims are characterized as "collateral legal challenges" that "present purely legal questions that do not challenge Defendant's discretionary authority, even though the answer to the legal questions may form the backdrop against which the Defendants may later exercise discretionary authority." (Dkt. No. 13 at 4–5) (citing *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1118 (9th Cir. 2001); *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004); *Fatty v. Nielsen*, No. C17-1535-MJP, 2018 WL 3491278, at *1 (W.D. Wash. July 20, 2018)). The legal questions presented revolve around whether the Defendants were required to issue a bona fide determination before exercising their decision to deny Plaintiff's request for stay of removal. The Court, therefore, has jurisdiction to hear Plaintiff's two additional claims. Accordingly, § 1252(g) does not bar jurisdiction.

Notwithstanding, Plaintiff fails to establish a likelihood of success on the merits or a serious question going to the merits. First, Plaintiff's motion only passingly references due process by stating, "ICE's failure to follow the statute is a violation of the Administrative Procedures Act, the Immigration and Nationality Act, and due process." (Dkt. No. 15 at 3.) However, nowhere in her motion or amended complaint does she identify a liberty or property interest. Nor does she ever attempt to analyze and apply the familiar *Matthews v. Eldridge* factors. *See* 424 U.S. 319 (1976). And importantly, there is no protected property interest in discretionary decisions. *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013) ("a benefit is not a protected entitlement if government officials may grant or deny it in their discretion"

1  (citation omitted)); *see also Fatty*, 2018 WL 3491278, at *2 n.1 ("The Court concurs with the Report and Recommendation's finding that Mr. Fatty does not have a protected property interest in his T visa or its adjudication."). Plaintiff offers no basis to analyze any alleged due process violation.

Second, Plaintiff argues 8 U.S.C. § 1227(d)(1) requires United States Citizenship & Immigration Services ("USCIS") to issue a bona fide determination of her T visa application before ICE exercises its discretion to grant or deny an administrative stay request. (Dkt. No. 15 at 5.) As support for this proposition, Plaintiff cites *Jimenez v. Dept. of Homeland Security*, No. 2:22-cv-00967-SSS-JPRx, 2022 WL 19410308, at *1 (C.D. Cal. Nov. 14, 2022). But the Court already rejected this argument and concluded *Jimenez* was not persuasive. (*See* Dkt. No. 13 at 8.) Similarly, Plaintiff cites *Barrios Garcia v. U.S. Dep't of Homeland Security*, 25 F.4th 430, 444 (6th Cir. 2022); beyond the fact this case is not binding in this circuit, it is in the context of work authorization and not removal.

Third, Plaintiff asserts "there is a serious legal question regarding whether ICE is retaliating against those with final orders of removal who apply for victim-centered relief, such as T or U visas. (Dkt. No. 15 at 6.) As support, Plaintiff cites to an ICE interim guidance memorandum dated January 30, 2025 and "anecdotal evidence that ICE is specifically targeting those who have filed T and U visas." (*Id*.) But deciding in January 2025 that its "agents are not required to affirmatively seek to identify indicia or evidence suggesting an alien is a victim of a crime or consider such guidance as a positive discretionary factor in determining whether to take civil immigration enforcement" (Dkt. No. 15-1 at 4–5) is not evidence that ICE decided to enforce a years-old removal order in this case because Plaintiff submitted a T visa application.

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 15) - 5

Lastly, to the extent Plaintiff asserts the denial of her September 4, 2025 request for stay was arbitrary and capricious,[1] the Court questions whether 8 U.S.C. § 1252(g) would bar review of such claim.  *See Fatty*, 2018 WL 3491278, at *2 ("[w]ere Mr. Fatty challenging his removal or the discretionary denial of his request for stay of removal, review of that challenge clearly would be precluded by Section 1252(g)").  But even if the Court does have jurisdiction, the record is insufficient for the Court to evaluate Plaintiff's likelihood of success on the merits or whether a serious question as to the merits is raised.  The record contains only a copy of Plaintiff's one-page stay requests filed on March 9, 2016 and September 4, 2025 (Dkt. Nos. 18-1 at 2; 18-2 at 2) and copies of ICE's denial decisions (Dkt. Nos. 18-1 at 3–4; 18-2 at 3–4).  Plaintiff offers no argument for why the denial was arbitrary and capricious other than the fact that a T visa bona fide determination was not issued prior to the denial.

### III  CONCLUSION

Having considered Plaintiff's second motion for a TRO (Dkt. No. 15), and for the reasons stated herein, the Court DENIES Plaintiff's second motion for a TRO.  Pursuant to the Court's previous order, the Parties shall file a status report no later than **November 24, 2025** informing the Court of their thoughts on how the adjudication of Plaintiff's amended complaint shall proceed.

Dated this 22nd day of November, 2025.



David G. Estudillo
United States District Judge

---

[1] Defendants provide rejections of Plaintiff's requests for administrative stay.  One denial is dated August 1, 2025, *before* Plaintiff filed her T visa application. (Dkt. No. 18-1.)  The other is dated September 9, 2025. (Dkt. No. 18-2.)